**Nathan R. Rietmann, OSB #053630**
Rietmann Law P.C.
1270 Chemeketa St. NE
Salem, Oregon 97301
Phone: 503-551-2740
Email: nathan@rietmannlaw.com
Phone: (503) 551-2740 / Fax: (888)-700-0192
Attorneys for Plaintiff Klamath Irrigation District

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISON

| | |
|---|---|
| **KLAMATH IRRIGATION DISTRICT,** | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| **UNITED STATES BUREAU OF RECLAMATION, DAVID BERNHARDT, Acting Secretary of the Interior, in his official capacity, BRENDA BURMAN, Commissioner of the Bureau of Reclamation, in her official capacity, and ERNEST CONANT, Director of the Mid-Pacific Region, Bureau of Reclamation, in his official capacity, and JEFFREY NETTLETON, in his official capacity as Area Manager for the Klamath Area Reclamation Office.** | |
| Defendants. | |

**Nature of Action**

1.    Plaintiff Klamath Irrigation District brings this action for declaratory and injunctive relief to protect private property rights (i.e., vested water rights) belonging to itself and its landowners from Defendants' regular, sustained, and ongoing violations of the Reclamation Act of 1902, Ch. 1093, 32 Stat. 388 ("Reclamation Act") and the Fifth Amendment to the United States Constitution.

2.    The past, present, and future agency actions, inactions, findings, and conclusions that Plaintiff is asking the Court to declare unlawful, set aside, or restrain are being carried out

Page 1 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  by Defendant United States Bureau of Reclamation ("Reclamation") and its officers and agents

2  pursuant to and in accordance with its proposed action evaluated by the National Marine

3  Fisheries Service ("NMFS") and United States Fish and Wildlife Service ("FWS") (collectively

4  the "Services") in their Biological Opinion on the Effects of the Proposed Klamath Project

5  Operations from May 31, 2013, through March 31, 2023, on Five Federally Listed Threatened

6  and Endangered Species ("2013 BiOp").

7    3.    Defendants are imminently prepared to release, adopt, and implement a new

8  BiOP ("2019 BiOp") and associated Operating Plan ("2019 Plan") that analyzes an amended

9  proposed action that will continue the unlawful agency actions, inactions, decisions, findings,

10  and conclusions that have resulted in irreparable harm to Plaintiff.

11    4.    The past, present, and future agency actions, inactions, findings, and conclusions

12  Plaintiff is asking the Court to declare unlawful, set aside, or restrain include, but are not limited

13  to, the following:

14    a.  Defendants' are unlawfully using 320,000 acre-feet (or more) of water in Upper

15        Klamath Lake ("UKL") reservoir for instream purposes each year without a water

16        right or other lawful authority under Oregon law in violation of Section 8 of the

17        Reclamation Act. *See* 2013 BiOp, Pg. 27 *et seq*.

18    b.  Defendants' are unlawfully capping the amount of water Plaintiff, its landowners,

19        and other water rights holders receive from UKL at less than the amounts

20        Plaintiff, its landowners, and other water right holders are entitled to beneficially

21        use under their water rights in violation of Section 8 of the Reclamation Act.

22    c.  Defendants' are unlawfully divesting Plaintiff, its landowners, and other water

23        right holders of their vested water rights in the beneficial use of water in UKL, as

24        elsewhere described in this Complaint, without purchasing such rights or

25        condemning them "under judicial process" in accordance with state law, in

26        violation of Sections 7 and 8 of the Reclamation Act.

Page 2 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF    **RIETMANN LAW, P.C.**
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

1           d.   Defendants are depriving Plaintiff, its landowners, and other water right holders

2                  of their vested water rights in the beneficial use of water in UKL without due

3                  process of law in violation of the Fifth Amendment to the United States

4                  Constitution through the actions, inactions, findings, and conclusions generally

5                  identified above and more specifically alleged herein.

6                **Jurisdiction, Venue, and Waiver of Sovereign Immunity**

7       5.     Jurisdiction arises under 5 U.S.C. §§ 701–706 and 28 U.S.C. §§ 1331, 2201, and

8  2202.

9       6.     The acts alleged herein occurred in the District of Oregon and venue is therefore

10  appropriate pursuant to 28 U.S.C. § 1391.

11      7.     Defendants' sovereign immunity is waived pursuant to 5 U.S.C. § 702 because

12  Plaintiff is making claims for equitable relief, not money damages.

13                                    **Parties**

14      8.     Plaintiff Klamath Irrigation District ("KID") is an irrigation district duly

15  constituted and existing pursuant to ORS Chapter 545.  KID and its patrons hold vested water

16  rights entitling them to beneficially use water in UKL reservoir, including water stored by

17  Defendant Reclamation, for purposes of irrigation.  Under Oregon law, all private property

18  interests held by Plaintiff, including vested water rights, are held in trust for the benefit of its

19  landowners.  Plaintiff brings this action in a representational capacity to protect the rights of its

20  landowners as much as its own, as well as the rights of water right holders outside its own

21  boundaries to whom Plaintiff owes affirmative water delivery obligations.

22      9.     Defendant United States Bureau of Reclamation (hereafter "Reclamation") is a

23  federal agency, or bureau, within the United States Department of the Interior.  Reclamation

24  holds a water right entitling it to store water in UKL reservoir to benefit the separate irrigation

25  rights of Plaintiff, its landowners, and other water right holders within the Klamath Reclamation

26  Project.  Defendant does not have a water right, limited license, instream lease, or any other legal

Page 3 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**RIETMANN LAW, P.C.**
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

1  authorization under state or federal law to use water stored in UKL reservoir for instream

2  purposes.

3       10.    Defendant David Bernhardt is the Acting Secretary of the United States

4  Department of the Interior.  In such capacity, Defendant Bernhardt is directly responsible for

5  administration of, and compliance with, federal reclamation law and other laws of the United

6  States, including those pertaining to the Klamath Reclamation Project.

7       11.    Defendant Brenda Burman is the Commissioner of the Defendant United States

8  Bureau of Reclamation. In such capacity, Defendant Burman is directly responsible for

9  administration of, and compliance with, federal reclamation law and other laws of the United

10  States, including those pertaining to the Klamath Reclamation Project.

11       12.    Defendant Ernest Conant is the Director of the Defendant United States Bureau of

12  Reclamation Mid-Pacific Region Office. In such capacity, Defendant Conant is directly

13  responsible for administration of, and compliance with, federal reclamation law and other laws

14  of the United States, including those pertaining to the Klamath Reclamation Project.

15       13.    Defendant Jeffery Nettleton is the Area Manager for the Defendant United States

16  Bureau of Reclamation's Klamath Area Office.  In such capacity, Defendant Nettleton is directly

17  responsible for administration of, and compliance with, federal reclamation law and other laws

18  of the United States, including those pertaining to the Klamath Reclamation Project.

19       **Allegations Common to All Claims**

20       14.    The United States Congress enacted the Reclamation Act in 1902 to provide

21  funding for irrigation projects in arid regions of the western United States.

22       15.    Pursuant to Sections 7 and 8 of the Reclamation Act, Defendants are required to

23  obtain water rights for Reclamation projects in accordance with state law, through appropriation,

24  purchase, or "condemnation under judicial process."

25       16.    Sections 7 and 8 of the Reclamation Act also require Defendants to comply with

26  state laws relating to the control, use, or distribution of water.

Page 4 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

17.    Section 7 of the Reclamation Act, 43 U.S.C. § 421, states:

> Where, in carrying out the provisions of this Act it becomes necessary to acquire any rights or property, the Secretary of the Interior is authorized to acquire the same for the United States by purchase or condemnation under judicial process, and to pay from the reclamation fund the sums which may be needed for that purpose, and it shall be the duty of the Attorney General of the United States upon every application of the Secretary of the Interior, under such sections, to cause proceedings to be commenced for condemnation within thirty days from receipt of the application at the Department of Justice.

18.    Section 8 of the Reclamation, 43 U.S.C. § 383, provides in relevant part:

> Nothing in this Act shall be construed as affecting or intending to affect or to in any way interfere with the laws of any State or Territory relating to the control, appropriation, use, or distribution of water used in irrigation, or any vested right acquired thereunder, and the Secretary of the Interior, in carrying out the provisions of such sections, shall proceed in conformity with such laws, and nothing in such sections shall in any way affect any right of any State or of the Federal Government or of any landowner, appropriator, or user of water in, to or from any interstate stream or the waters thereof.

19.    In 1905, the Oregon Legislative Assembly sought to advance the purposes of the Reclamation Act and the development of a Reclamation project in the Klamath Basin by enacting Chapter 5, Oregon Laws of 1905 and Chapter 228, Oregon Laws 1905.

20.    Through enactment of Chapter 5, Oregon Laws of 1905 the State of Oregon granted to the United States, for purposes of irrigation and reclamation, authorization to lower the water level of certain lakes, including Upper Klamath Lake, and to use all or any part of the beds of such lakes for the storage of water in connection with reclamation or irrigation.  By the same enactment, the State of Oregon ceded to the United States title to any land uncovered by the lowering of such lakes, to use for purposes in furtherance of the 1902 Act.

21.    Through enactment of Chapter 228, Oregon Laws 1905, the State of Oregon specifically described the manner in which water could be appropriated for Reclamation projects in Oregon.  Chapter 228, Oregon Laws 1905 provides in relevant part as follows:

/////

Page 5 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    Whenever the proper officers of the United States, authorized by law to
construct works for the utilization of water within this State, shall file in the
2    office of the State Engineer a written notice that the United States intends to
utilize certain specified waters, the waters described in such notice and
3    unappropriated at the time of the filing thereof shall not be subject to further
appropriation under the laws of this State, but shall be deemed to have been
4    appropriated by the United States; *provided*, that within a period of three years
from the date of filing such notice the proper officer of the United States shall
5    file final plans of the proposed works in the office of the State Engineer for
his information; *and provided further*, that within four years from the date of
6    such notice the United States shall authorize the construction of such proposed
work.
7

8    22.    On May 17, 1905, Defendant Reclamation filed notices of appropriation pursuant

9    to Chapter 228, Oregon Laws 1905 to appropriate all the then-unappropriated waters of the

10   Klamath Basin for the Klamath Reclamation Project. The notices stated that "[t]he United States

11   intends to use the above described waters in the operation of works for the utilization of water in

12   the State of Oregon under the provisions of . . . the Reclamation Act," and that "[t]he Water is to

13   be used for irrigation, domestic, power, mechanical and other beneficial uses in and upon lands

14   situated in Klamath Oregon and Modoc California counties."

15   23.    Following authorization of the Klamath Project, facilities were constructed,

16   previously existing facilities were improved and incorporated into the Klamath Project, and

17   individual landowners began applying water to beneficial use on their lands after entering into

18   contracts with the United States to repay the costs of the irrigation works developed by the

19   United States.

20   24.    KID was formed in 1917 and thereafter entered into a contract with Reclamation

21   in 1918 to repay the costs of construction, operation, and maintenance of the Klamath Project.

22   The contract has since been amended several times, most notably in 1954. By virtue of its

23   contract with Defendant, Plaintiff has a perpetual obligation to operate and maintain certain

24   irrigation works owned by the United States and an affirmative non-discretionary legal and

25   contractual obligation to deliver water to fulfill the appurtenant water rights of its own

26   landowners. Plaintiff also has a non-discretionary legal and contractual obligation to deliver

Page 6 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**RIETMANN LAW, P.C.**
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

1   water needed to fulfill water rights held by certain districts and landowners located outside

2   Plaintiff's own boundaries.

3       25.    Defendant has no discretion or authority to limit the amount of water made

4   available to Plaintiff and its landowners to less than the amount they are entitled to beneficially

5   use in accordance with their appurtenant water rights.

6       26.    On February 24, 1909, the Oregon Legislative Assembly enacted the Water

7   Rights Act, which means and embraces ORS 536.050, 537.120, 537.130, 537.140 to 537.252,

8   537.390 to 537.400, 538.420, 540.010 to 540.120, 540.210 to 540.230, 540.310 to 540.430,

9   540.505 to 540.585 and 540.710 to 540.750.

10       27.    Pursuant to ORS 537.110, all water within the state from all sources of water

11   supply belongs to the public.  However, subject to existing rights, individuals may obtain the

12   right to use the public's water by applying for and obtaining a water right. Under Oregon law,

13   the use of the public's water is a property right.  *See* ORS 307.010(1)(b)(D)).  The property right

14   is said to be usufructuary because, although a water right grants the right to use the public's

15   water, ownership of the water itself remains vested in the public.  Oregon courts have recognized

16   that the right to the use of water constitutes a vested property interest which cannot be divested

17   without due process of law.

18       28.    Oregon law (ORS 539.007(11)) defines water rights established prior to the

19   adoption of the Water Rights Act on February 24, 1909 as undetermined vested rights.  The

20   Water Rights Act provides at ORS 539.010(4) that undetermined vested rights are not to be

21   impaired or affected by any of its provisions.  However, ORS 539.010(4) of the Water Rights

22   Act also provides that the scope and attributes of all undetermined vested rights are to be

23   determined through an adjudication conducted in accordance with ORS Chapter 539.

24       29.    The adjudication process set forth in ORS Chapter 539 consists of two phases: (1)

25   an administrative phase, and (2) a judicial phase.  During the administrative phase, the

26   adjudicator investigates the waters at issue, hears claims and exceptions, and ultimately issues a

**RIETMANN LAW, P.C.**
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

1     Final Order of Determination setting forth the relative water rights of the parties.  Once the Final

2     Order of Determination is issued, it is filed with the circuit court having jurisdiction of the

3     matter.  The Final Order of Determination reflects enforceable water rights under Oregon law,

4     unless and until it is stayed pending the outcome of the judicial phase or is amended or changed

5     during the judicial phase of the adjudication process.  The circuit court proceeding culminates in

6     the issuance of a decree finally determining the relative rights of all parties claiming a pre-1909

7     right to use the waters at issue, subject to any appeal.

8         30.    In 1975, the State of Oregon initiated a general stream adjudication of the waters

9     of the Klamath Basin (hereafter "Klamath Adjudication").

10        31.    While the administrative phase of the adjudication of the waters of the Klamath

11     Basin was pending, and upon the written advice of the Oregon Attorney General issued on

12     March 18, 1996, the State of Oregon did not regulate or enforce pre-1909 water rights in the

13     Klamath Basin as such rights were wholly undetermined and regulation would necessarily

14     involve pre-determination of the parties' claims.  However, based on a U.S. Solicitor

15     memorandum dated January 9, 1997, the United States took the position that it had an obligation

16     to "use its best efforts to operate the Project consistent with existing water rights."  U.S. Reg.

17     Solicitor Memo, Jan 9, 1997, Pg. 5.  While the United States acknowledged that the precise

18     nature of the existing rights relating to the Project was not known with certainty because the

19     rights had not been adjudicated, it nevertheless believed these existing rights could be

20     "reasonably estimated" and that the government had a duty to ensure the Project was "operated

21     based on the best available information."  *Id.* at 6.

22        32.    At all times material prior to the completion of the administrative phase of the

23     Klamath Adjudication, the United States asserted, and it was otherwise assumed, that all water

24     rights associated with the Klamath Project were owned or held by the United States.  The United

25     States also asserted, and it was otherwise assumed, that the Klamath Tribes and other tribes held

26     water rights in UKL that were senior to those of Plaintiff and others within the Klamath Project.

Page 8 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    While the administrative phase of the Klamath Adjudication was pending, the United States

2    distributed water from UKL based on these assumptions.

3       33.  On March 7, 2013, thirty-eight (38) years after the commencing the general

4    stream adjudication for the Klamath Basin, the State of Oregon, via the Water Resources

5    Department ("OWRD"), issued its Findings of Fact and Final Order of Determination ("FFOD")

6    and filed it with the Klamath County Circuit Court, thus completing the administrative phase of

7    the adjudication.

8       34.  In May 2013, the Services issued the 2013 BiOp, which analyzed modifications to

9    the Bureau's operation of the Klamath Project, including the use of Project water for augmented

10   instream flows (the "Proposed Action").  At or shortly after the issuance of the 2013 BiOp,

11   Reclamation adopted the Proposed Action.  Thus, the Proposed Action described in the 2013

12   BiOp was formally adopted by Reclamation after the OWRD issued its FFOD.  Since the time of

13   its formal adoption, Defendant Reclamation has operated the Klamath Project in accordance with

14   the 2013 BiOp.

15      35.  Neither the 2013 BiOp nor the Proposed Action accounted for the effects of the

16   FFOD issued in the Klamath Adjudication on March 7, 2013, despite the fact that it provided for

17   modification once the effects were known:

18
19      The potential effects of the Findings of Fact and Order of Determination on management of water in the Klamath Basin, including Reclamation's Project operations, are uncertain at present and will likely remain uncertain for several

20   years.  Therefore, the proposed action is not modified based on the Findings of Fact and Order of Determination.  <u>In the future, when the consequences of the

21   adjudication are understood, the proposed action will be modified if necessary in accordance with parties' legal rights to beneficial use of water</u>. (emphasis added).

22      36.  In February 2014, OWRD filed an Amended and Corrected Findings of Fact and

23   Final Order of Determination ("ACFFOD") with the Klamath County Circuit Court.

24      37.  Pursuant to ORS 539.130(4) and ORS 539.170, the ACCFOD is in full force and

25   effect and water is to be distributed in accordance with the ACCFOD unless or until the

26   ACCFOD is stayed either wholly or in part pursuant to ORS 539.180.

Page 9 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**RIETMANN LAW, P.**C.
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

38.    Following the issuance of the FFOD and the ACFFOD, the legal rights of the parties to this action were known and enforceable under Oregon law.

39.    Reclamation has not sought to stay the ACCFOD either wholly or in part, and the ACCFOD has not otherwise been stayed by any other party pursuant to ORS 539.180.

40.    The issuance of the FFOD / ACFFOD fundamentally changed the legal paradigm governing the distribution of water in the Klamath Basin.  Specifically:

(a)    The ACFFOD is presently enforceable under Oregon law, and must be followed by all owners of determined claims pending the judicial review phase of the Klamath Basin Adjudication before the Klamath County Circuit Court. ORS 539.130; ORS 539.170.

(b)    Defendant Reclamation is the owner of a right to store water—specifically, a maximum annual volume of 486,828 acre-feet of water in UKL reservoir to benefit the separate irrigation rights held by Plaintiff and other water right holders. KBA_ACFFOD_07060, 07084, 07117.

(c)    Defendant Reclamation is only entitled to store water in UKL reservoir to satisfy the water rights of Plaintiff, its landowners and other secondary water right holders. KBA_ACFFOD_7061, 07075.

(d)    Irrigators within the Klamath Project hold water rights entitling them to live flow and the use of water that United States stores in UKL reservoir for the purposes of irrigation and other beneficial uses. *See e.g.,* KBA_ACFFOD_07075, 07084, 07086, 07160, 07061.

(e)    Defendant Reclamation does not hold an instream water right entitling it to use water from UKL reservoir for instream purposes.

(f)    The Klamath Tribes' hold a water right entitling them to certain elevations of water in UKL at certain times of the year, but this right cannot be used to call the water rights of Klamath Project irrigators. KBA_ACFFOD_04941.

Page 10 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**RIETMANN LAW, P.C.**
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

1          (g)     Neither the Hoopa nor the Yurok tribe have vested but undetermined

2          water rights in UKL.

3          (h)     Now that the ACFFOD has been issued, Oregon law (e.g., ORS 537.130,

4          ORS 540.270) prohibits the use of water from the waters within the scope of the

5          Klamath Basin Adjudication without a water right (e.g., water right, determined

6          claim, instream lease, limited license).

7       41.     Despite the issuance of the FFOD, and the subsequent issuance of the ACFFOD,

8 Defendant Reclamation nevertheless formally adopted the Proposed Action described in the

9 2013 BiOp and continues to manage the Klamath Project in accordance with the 2013 BiOp

10 without regard to the enforceable determinations made in the Klamath Adjudication. This means

11 Defendant Reclamation is unlawfully using water in UKL reservoir for its own instream

12 purposes without a water right, notwithstanding the fact that Plaintiff, its landowners, and others

13 hold water rights legally entitling them to the beneficial use of such water. Additionally,

14 Defendants are limiting the amount of water Plaintiff, its landowners, and other water right

15 holders are entitled to beneficially use under their water rights even though Defendants have no

16 lawful authority to restrict Plaintiff and its landowners' beneficial use of water, and have neither

17 purchased Plaintiff and its landowners' water rights nor condemned Plaintiff and its landowners'

18 water rights "under judicial process" in accordance with Sections 7 and 8 of the Reclamation

19 Act. Reclamation's actions are thus unlawful, or arbitrary, capricious, and an abuse of discretion,

20 and must be set aside.

21       42.     On December 21, 2018, Reclamation issued a Biological Assessment as part of a

22 consultation process under the Endangered Species Act. Reclamation amended its proposed

23 action on February 15, 2019 ("Amended Proposed Action"). The Services are expected to issue

24 the new 2019 BiOp upon the Amended Proposed Action as soon as April 1, 2019. Reclamation

25 is expected to adopt the Klamath Project Annual Operations Plan (the "2019 Plan") around the

26 same time or shortly thereafter.

Page 11 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    43.    Under the Amended Proposed Action analyzed and reflected in the 2019 BiOp

2   and 2019 Plan that Defendant is imminently prepared to issue, adopt, and implement Defendant

3   has decided to:

4    a.  Continue using water in UKL reservoir for its own instream purposes

5        without a water right in violation of Section 8 of the Reclamation Act to a

6        greater extent than under the Proposed Action evaluated under the 2013

7        BiOp.

8    b.  Continue limiting the amount of water that Plaintiff is able to deliver to

9        itself and its landowners to an amount that is less than their water rights to

10       an even greater extent than the Proposed Action evaluated under the 2013

11       BiOp.

12   c.  Continue depriving Plaintiff and its landowners of their vested water rights

13       as described in (a) and (b) above, without purchasing the vested rights or

14       condemning the vested rights under judicial process in accordance with

15       Oregon law, in violation of Sections 7 and 8 of the Reclamation Act.

16   d.  Continue denying Plaintiff and its landowners the due process to which

17       they are entitled under the Fifth Amendment of the United States

18       Constitution before depriving Plaintiff and its landowners of their vested

19       water rights as described above.

20    44.    Defendants do not intend to cure their unlawful actions alleged herein and their

21   unlawful actions will continue if not restrained.

22    45.    Defendants' unlawful actions are causing Plaintiff irreparable harm and the

23   balance of the equities tips sharply in Plaintiff's favor. Defendant is capable of complying with

24   the applicable law and using water in UKL the exact same manner it is today. However,

25   Defendant is simply choosing to disregard the law.

26   /////

Page 12 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

RIETMANN LAW, P.C.
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2876
nathan@rietmnnlaw.com

1                                      **FIRST CLAIM FOR RELIEF**

2                          (Violation of the APA – Section 8 of Reclamation Act)

3       46.      Plaintiff reasserts and realleges ¶¶ 1 to 45, as though fully set forth herein.

4       47.      A district court may hold unlawful and set aside any agency action that is found to
5 be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law";
6 "contrary to constitutional right, power, privilege, or immunity," or "in excess of statutory
7 jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)–(C).

8       48.      Defendants' actions, inactions, findings, and conclusions in adopting and
9 implementing the Proposed Action evaluated in the 2013 BiOp violate Section 8 of the
10 Reclamation Act, which requires Reclamation to comply with state law in the control,
11 appropriation, use, or distribution of water.

12       49.      Defendants' actions, inactions, findings, and conclusions in adopting and
13 implementing the Proposed Action and using water stored in UKL reservoir for its own instream
14 use without a water right or other authority under the laws of the State of Oregon violates
15 Section 8 of the Reclamation Act, and is arbitrary, capricious, an abuse of discretion, or
16 otherwise not in accordance with law, contrary to constitutional right, power, privilege, or
17 immunity, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory
18 right.

19       50.      Defendants' actions, inactions, findings, and conclusions in adopting and
20 implementing the Proposed Action described in the 2013 BiOP and limiting Plaintiff and its
21 landowners' right to use water in UKL reservoir without lawful authority to do so, interferes with
22 Plaintiff's vested water rights, violates Section 8 of the Reclamation Act, and is arbitrary,
23 capricious, an abuse of discretion, or otherwise not in accordance with law, contrary to
24 constitutional right, power, privilege, or immunity, or in excess of statutory jurisdiction,
25 authority, or limitations, or short of statutory right.

26

Page 13 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

51.    Defendants' actions, inactions, findings, and conclusions in adopting and implementing the Proposed Action and divesting Plaintiff and its landowners of the beneficial use of water under their water rights deprives Plaintiff of due process of law required by the Fifth Amendment to the United States Constitution, and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, contrary to constitutional right, power, privilege, or immunity, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

52.    Defendants' conduct as alleged herein is in excess of the authority granted to Defendants under Section 8 of the Reclamation Act and Defendants' contracts with Plaintiff. Accordingly, Reclamation's actions in adopting and implementing the Proposed Action must be held unlawful and set aside.

**SECOND CLAIM FOR RELIEF**

(Violation of the APA – Section 7 of Reclamation Act)

53.    Plaintiff reasserts and realleges ¶¶ 1 to 45, as though fully set forth herein.

54.    A district court may hold unlawful and set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "contrary to constitutional right, power, privilege, or immunity," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)–(C).

55.    Section 7 of the Reclamation Act requires Reclamation to acquire property rights, such as the right to use water under Oregon law, through Oregon's appropriation process or "by purchase or condemnation under judicial process," using the procedure set out by Oregon law. *See* 43 U.S.C. § 421.

56.    Reclamation's actions, inactions, findings, and conclusions in adopting and implementing the Proposed Action described in the 2013 BiOp, and thereby divesting Plaintiff and its landowners of their vested water rights without purchasing or condemning such rights "under judicial process" in accordance with state law, violates Section 7 of the Reclamation Act.

Page 14 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**RIETMANN LAW, P.C.**
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

1    57.    Defendants' actions in violation of Section 7 of the Reclamation Act as alleged

2   herein must be held unlawful and set aside.

3                          **THIRD CLAIM FOR RELIEF**

4                (Violation of the APA – Arbitrary and Capricious Baseline)

5    58.    Plaintiff reasserts and realleges ¶¶ 1 to 45, as though fully set forth herein.

6    59.    A district court may hold unlawful and set aside any agency action that is found to

7   be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law";

8   "contrary to constitutional right, power, privilege, or immunity," or "in excess of statutory

9   jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(A)–(C).

10    60.    The 2013 BiOp, which was not issued until May 31, 2013, acknowledged that the

11   FFOD was issued on March 7, 2013, yet also concluded that the "potential effects" of the FFOD

12   were "uncertain" and therefore the proposed action was "not modified based on the Findings of

13   Fact and Order of Determination."  (2013 BiOp at 3–4.)

14    61.    The FFOD—and now the ACFFOD—defined the scope and attributes of

15   enforceable water rights under Oregon law with priority dates of 1905. The effects of these water

16   rights were known both at the time Defendant Reclamation received the 2013 BiOP during the

17   subsequent period of time Defendants' have implemented the Proposed Action described in the

18   2013 BiOp. Despite this, Defendants continued to proceed with the Proposed Action instead of

19   modifying the Proposed Action.

20    62.    Therefore, the decision not to modify the Proposed Action on the basis of the

21   FFOD and ACFFOD was arbitrary and capricious.  Because this action violates the APA, it must

22   be held unlawful and set aside.

23   /////

24   /////

25   /////

26   /////

Page 15 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1        **FOURTH CLAIM FOR RELIEF**

2        (Declaratory Judgment)

3        63.        Plaintiff reasserts and realleges ¶¶ 1 to 45, as though fully set forth herein.

4        64.        Under the Declaratory Judgment Act, "any court of the United States, upon the

5   filing of an appropriate pleading, may declare the rights and other legal relations of any

6   interested party seeking such declaration, whether or not further relief is or could be sought."  28

7   U.S.C. § 2201.

8        65.        Pursuant to 28 U.S.C. § 2202, a court granting a declaratory judgment may grant

9   further necessary or proper relief, including injunctive relief.

10       **COUNT 1**

11       **Violation of Section 8 of Reclamation Act**

12       **Unlawfully using water**

13       66.        Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaration that Defendant

14   is violating Section 8 of the Federal Reclamation Act by using water stored in UKL reservoir for

15   its own instream purposes during Plaintiff's irrigation season because Defendants have not

16   obtained a water right in accordance with Oregon law, and state and federal law do not otherwise

17   authorize Defendants to use stored water in such manner.

18       67.        Pursuant to 28 U.S.C. § 2202, Plaintiff is entitled to further injunctive relief

19   enjoining Defendants from using water stored in UKL reservoir for their own instream purposes

20   during Plaintiff's irrigation season.  Plaintiff asks that the restraints of the injunction not go into

21   effect until April 1, 2020 so as to afford Defendants a reasonable period of time to secure the

22   right to use water from UKL reservoir for instream purposes in accordance with Oregon law, as

23   required by Section 8 of the Federal Reclamation Act, without causing any harm to endangered

24   or protected species during the period in which Defendants are bringing themselves into legal

25   compliance.

26   /////

Page 16 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF          **RIETMANN LAW, P.C.**
                                                                        1270 Chemeketa St. NE
                                                                        Salem, Oregon 97301
                                                                        503-551-2740
                                                                        nathan@rietmnnlaw.com

1                                 **COUNT 2**

2                **Violation of Section 8 of the Reclamation Act**

3                        **Unlawfully curtailing water**

4          68.    Plaintiff is entitled to a declaratory judgment stating that Defendants have no

5   lawful authority to limit the amount of water that is delivered to Plaintiff or its landowners at an

6   amount that is less than the amount the landowners are able to put to beneficial use without

7   waste under the water rights appurtenant to their land, if the water is physically available for

8   delivery from UKL reservoir and the other conditions of the water right (e.g., season of use) are

9   satisfied.

10         69.    Pursuant to 28 U.S.C. § 2202, Plaintiff is entitled to further injunctive relief

11  enjoining Defendants from limiting the amount of water that is delivered to Plaintiff or its

12  landowners at an amount that is less than the amount the landowners are able to put to beneficial

13  use without waste under the water rights appurtenant to their land, if the water is physically

14  available for delivery from UKL reservoir and the other conditions of the water right (e.g.,

15  season of use) are satisfied.  Plaintiff asks that the restraints of the injunction not go into effect

16  until April 1, 2020 so as to afford Defendants a reasonable period to secure the right to use water

17  from UKL reservoir for instream purposes in accordance with Oregon law, as required by

18  Section 8 of the Federal Reclamation Act, without causing any harm to endangered or protected

19  species during the period in which Defendants are bringing themselves into legal compliance.

20                                **COUNT 3**

21              **Violation of Section 7 and 8 of Reclamation Act**

22                  **Condemnation without judicial process**

23         70.    Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgment

24  stating that Defendants may not divest Plaintiff and its landowners of their property interest in

25  the beneficial use of water under their water rights as alleged herein without first purchasing or

26

Page 17 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF          **RIETMANN LAW, P.C.**
                                                                    1270 Chemeketa St. NE
                                                                    Salem, Oregon 97301
                                                                    503-551-2740
                                                                    nathan@rietmnnlaw.com

1  condemning "under judicial process" those same rights, pursuant to Sections 7 and 8 of the

2  Reclamation Act.

3      71.    Pursuant to 28 U.S.C. § 2202, Plaintiff is entitled to further injunctive relief

4  enjoining Defendants from divesting Plaintiff and its landowners of their property interest in the

5  beneficial use of water under their water rights as alleged herein without first purchasing or

6  condemning "under judicial process" those same rights, pursuant to Sections 7 and 8 of the

7  Reclamation Act.  Plaintiff asks that the restraints of the injunction not go into effect until April

8  1, 2020 so as to afford Defendants a reasonable period to secure the right to use water from UKL

9  reservoir for instream purposes in accordance with Oregon law, as required by Section 8 of the

10  Federal Reclamation Act, without causing any harm to endangered or protected species during

11  the period in which Defendants are bringing themselves into legal compliance.

12                              **COUNT 4**

13                    **Violation of the Fifth Amendment**

14                   **Right to Procedural Due Process**

15     72.    Plaintiff reasserts and realleges ¶¶ 1 to 45, as though fully set forth herein.

16     73.    The due process clauses of the Fifth Amendment to the United States Constitution

17  prohibits deprivations of liberty and property interests without due process of law.

18     74.    Due process requires, at a minimum, notice and opportunity for hearing

19  appropriate to the nature of the case.

20     75.    Section 7 of the Reclamation Act imposes procedural requirements on

21  Reclamation prior to its use or appropriation of water rights, by requiring that the rights be

22  purchased or condemned through judicial process.  Reclamation has not sought to either

23  purchase or condemn through judicial process the water rights of Plaintiff and its landowners.

24     76.    Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgment

25  stating that Defendants' have violated Plaintiff's procedural due process rights protected by the

26  Fifth Amendment to the United States Constitution by divesting Plaintiff and its landowners of

Page 18 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**RIETMANN LAW, P.C.**
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmnnlaw.com

1   their vested water rights without purchasing or condemning "under judicial process" those same

2   rights, pursuant to Sections 7 and 8 of the Reclamation Act.

3      77.    Pursuant to 28 U.S.C. § 2202, Plaintiff is entitled to an injunction restraining

4   Defendants from divesting Plaintiff and its landowners of their property interests in the

5   beneficial use of water under their water rights as alleged herein without first purchasing or

6   condemning "under judicial process" those same rights, pursuant to Sections 7 and 8 of the

7   Reclamation Act, and thereby affording Plaintiff and its landowners the due process they are

8   entitled to under the Fifth Amendment to the United States Constitution.  Plaintiff asks that the

9   restraints of the injunction not go into effect until April 1, 2020 so as to afford Defendants a

10  reasonable period to secure the right to use water from UKL reservoir for instream purposes in

11  accordance with Oregon law, as required by Section 8 of the Federal Reclamation Act, without

12  causing any harm to endangered or protected species during the period in which Defendants are

13  bringing themselves into legal compliance.

14     78.    Declaratory relief is appropriate in this case both because an actual injury has

15  occurred under Defendants' adoption and implementation of the Proposed Action.  In addition,

16  the Amended Proposed Action reflected in the 2019 BiOp and 2019 Plan that Defendants are

17  imminently prepared to adopt and implement will continue to cause injury to Plaintiff and its

18  landowners that is substantively identical, in all material respects, to the injury being caused to

19  Plaintiff and its landowners under the adoption and implementation of the Proposed Action.

20  Therefore, Plaintiff and Reclamation have adverse legal interests and there is a substantial

21  controversy between them of sufficient immediacy and reality to warrant the issuance of

22  declaratory judgment and further injunctive relief.

23  /////

24  /////

25  /////

26  /////

Page 19 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff request a trial by jury, and pray for judgment and an order

3    against each Defendant:

4          1.    Setting aside the unlawful actions of the Defendants under the APA;

5          2.    For declaratory relief setting forth the rights of the parties' rights under the

6    Reclamation Act and the Fifth Amendment to the United States Constitution;

7          3.    For injunctive relief enjoining Defendants from violating the APA and the

8    Reclamation Act and the Fifth Amendment to the United States Constitution, and from using

9    water and otherwise interfering with or divesting Plaintiff and its landowners of their water rights

10    in a manner not permitted under the law;

11          4.    For attorneys' fees, costs, and interest, as authorized by law; and

12          5.    Any other relief the Court deems just and proper.

13    DATED:    March 27, 2019

14          Respectfully submitted by,

15          RIETMANN LAW P.C

16

17          By:    *s/ Nathan R. Rietmann*
      Nathan R. Rietmann, OSB #053630

18          1270 Chemeketa St. NE
      Salem, Oregon 97301

19          503-551-2740
      nathan@rietmannlaw.com

20          Of Attorneys for Plaintiff

21

22

23

24

25

26