LAWRENCE VANDYKE
JEAN E. WILLIAMS, Deputy Assistant
Attorney Generals
Environment & Natural Resources Division

THOMAS K. SNODGRASS, Senior Attorney
EVE W. MCDONALD, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
ROBERT P. WILLIAMS, Sr. Trial Attorney
KAITLYN POIRIER, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Medford Division

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT,<br>                              Plaintiff,<br><br>         v.<br><br>UNITED STATES BUREAU OF<br>RECLAMATION; DAVID<br>BERNHARDT, Secretary of the<br>Interior, in his official capacity; BRENDA<br>BURMAN, Commissioner of the Bureau<br>of Reclamation, in her official capacity;<br>ERNEST CONANT, Director of the<br>Mid-Pacific Region, Bureau of Reclamation, in<br>his official capacity; and JEFFREY<br>NETTLETON, in his official<br>capacity as Area Manager for the<br>Klamath Area Reclamation Office,<br>                              Defendants. | Consolidated Cases<br><br>**Case No.:  1:19-CV-00451-CL (lead)**<br>Case No. 1:10-cv-00531-CL<br><br><br>**DEFENDANTS' ANSWER TO<br>PLAINTIFF KLAMATH IRRIGATION<br>DISTRICT'S FIRST AMENDED<br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

SHASTA VIEW IRRIGATION DISTRICT,
KLAMATH DRAINAGE DISTRICT, VAN
BRIMMER DITCH COMPANY, TULELAKE
IRRIGATION DISTRICT, KLAMATH WATER
USERS ASSOCIATION, BEN DUVAL, and
ROB UNRUH,

> Plaintiffs,

    v.

UNITED STATES BUREAU OF
RECLAMATION; ERNEST CONANT, in his
official capacity as the Regional Director of the
Mid-Pacific Region of the United States Bureau
of Reclamation; JEFFREY NETTLETON, in his
official capacity as the Area Manager of the
Klamath Basin Area Office of the United States
Bureau of Reclamation,

> Defendants.

Defendants UNITED STATES BUREAU OF RECLAMATION; DAVID

BERNHARDT, Secretary of the Interior, in his official capacity; BRENDA BURMAN,

Commissioner of the Bureau of Reclamation, in her official capacity; ERNEST CONANT,

Director of the Mid-Pacific Region, Bureau of Reclamation, in his official capacity; and

JEFFREY NETTLETON, in his official capacity as Area Manager for the Klamath Basin Area

Office, Bureau of Reclamation (collectively referred to as Defendants), hereby respond to the

allegations of Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief (ECF

No. 4) ("Complaint").  The numbered paragraphs in this Answer correspond to the numbered

paragraphs in the Complaint.  Defendants generally deny all the allegations of the Complaint,

except as specifically admitted below.

      1.     The allegations of this paragraph constitute Plaintiff's characterization of its case

and legal conclusions, to which no response is required.  To the extent a response is required,

Defendants deny that Plaintiff has pled any violations of the Reclamation Act, Ch. 1093, 32 Stat. 388 ("Reclamation Act"), and the Fifth Amendment to the United States Constitution.

2.      The allegations of this paragraph constitute Plaintiff's characterization of its case, to which no response is required.  To the extent a response is required, Defendants deny the allegations and aver that the United States Bureau of Reclamation ("Reclamation") and its officers and agents are operating the Klamath Project pursuant to proposed operations that underwent separate consultations pursuant to Section 7 of the Endangered Species Act with the National Marine Fisheries Service and the United States Fish and Wildlife Service, as indicated in paragraphs 2(a)-2(c), and analysis pursuant to the National Environmental Policy Act, as indicated in paragraph 2(d).

3.      Defendants deny the allegations of this paragraph.

4.      The allegations of this paragraph constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

5.      The allegations of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

6.      Defendants admit the allegations of this paragraph.

7.      The allegations of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

8.      Defendants admit the allegations of the first sentence of this paragraph that Plaintiff Klamath Irrigation District ("KID") is an irrigation district.  Defendants lack knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence and deny the allegations on that basis. The allegations of the second sentence constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants aver that the allegations are based upon the Amended and Corrected Findings of Fact and Order of Determination, dated February 28, 2014 and issued by the Adjudicator for the Klamath Basin General Stream Adjudication ("ACFFOD"), which is currently being reviewed by the Klamath County Circuit Court. The ACFFOD speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied. The allegations of the third sentence constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis. The allegations of the fourth sentence constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

9.      Defendants admit the allegations of the first sentence of this paragraph. The allegations of the second sentence constitute legal conclusions based upon the ACFFOD, to which no response is required. To the extent a response is required, the ACFFOD speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied. Defendants deny the allegations of the third sentence.

10.      Defendants deny the allegations of the first sentence and aver that Defendant David Bernhardt has been confirmed as Secretary of the Interior. The allegations of the second

sentence constitute legal conclusions, to which no response is required.  To the extent a response

is required, Defendants admit that Defendant Bernhardt, in his role as Secretary of the Interior,

has authority over and is responsible for all programs and activities within the Department of the

Interior, including those administered by Reclamation, which operates the Klamath Project.

11.     Defendants admit the allegations of the first sentence of this paragraph.  The

allegations of the second sentence constitute legal conclusions, to which no response is required.

To the extent a response is required, Defendants admit that Defendant Burman, in her role as

Commissioner, is responsible for all programs and activities administered by Reclamation, which

operates the Klamath Project.

12.     Defendants admit the allegations of the first sentence of this paragraph.  The

allegations of the second sentence constitute legal conclusions, to which no response is required.

To the extent a response is required, Defendants admit that Defendant Conant, in his role as

Director, is responsible for all programs and activities administered by Reclamation's Mid-

Pacific Regional Office, which oversees Reclamation's Klamath Project.

13.     Defendants admit the allegations of the first sentence of this paragraph.  The

allegations of the second sentence constitute legal conclusions, to which no response is required.

To the extent a response is required, Defendants admit that Defendant Nettleton, in his role as

Area Manager, is responsible for all programs and activities administered by Reclamation's

Klamath Basin Area Office, which directly oversees Reclamation's Klamath Project.

14.     Except to admit the allegation that Congress enacted the Reclamation Act in

1902, Defendants deny the allegations of this paragraph as overly broad and incomplete.

15.     The allegations of this paragraph constitute legal conclusions, to which no

response is required.  To the extent a response is required, Sections 7 and 8 of the Reclamation

Act speak for themselves and provide the best evidence of their content. Any allegations contrary to the plain language, meaning and context of Sections 7 and 8 are denied.

16.    The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, Sections 7 and 8 of the Reclamation Act speak for themselves and provide the best evidence of their content. Any allegations contrary to the plain language, meaning and context of Sections 7 and 8 are denied.

17.    The allegations of this paragraph purport to quote from Section 7 of the Reclamation Act, 43 U.S.C. § 421, which speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of Section 7 are denied.

18.    The allegations of this paragraph purport to quote from Section 8 of the Reclamation Act, 43 U.S.C. § 383, which speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of Section 8 are denied.

19.    Defendants admit the allegation that the Oregon Legislative Assembly enacted Chapters 5 and 228, Oregon Laws of 1905, in 1905, but deny Plaintiff's characterization of the Oregon Legislative Assembly's intent as overly broad and incomplete.

20.    The allegations of this paragraph constitute legal conclusions based upon Chapter 5, Oregon Laws of 1905, to which no response is required. To the extent a response is required, Chapter 5, Oregon Laws of 1905, speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of Chapter 5, Oregon Laws of 1905, are denied.

21.     The allegations of the first sentence of this paragraph constitute legal conclusions based upon Chapter 228, Oregon Laws of 1905, to which no response is required.  To the extent a response is required, Chapter 228, Oregon Laws of 1905, speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Chapter 228, Oregon Laws of 1905, are denied.  The allegations of the second sentence purport to quote from Chapter 228, Oregon Laws of 1905, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Chapter 228 are denied.

22.     The allegations of this paragraph are based upon the May 17, 1905 notices, which speaks for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the notices are denied.

23.     The allegations of this paragraph are vague and overly broad and denied on that basis.

24.     Defendants deny the allegations of the first sentence of this paragraph.  With respect to the allegations of the second and third sentences, Defendants admit that the Klamath Project was authorized under the Reclamation Act of 1902, but deny that it is a single-purpose irrigation project, as that characterization is incomplete.  The remaining allegations of the second and third sentences are vague and ambiguous and denied on that basis.

25.     Defendants admit the allegations of the first sentence of this paragraph that "KID was formed in 1917" and that Reclamation entered into a contract with KID in 1918.  The remaining allegations of the first sentence are based upon the referenced 1918 contract, which speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the contract are denied.  The allegations of the second

sentence are overly vague and denied on that basis.  Notwithstanding this denial, Defendants

admit that Reclamation entered into a contract with KID in 1954.  The remaining allegations of

this paragraph purport to characterize the legal effect of KID's 1954 contract with Reclamation,

which speaks for itself and provides the best evidence of its content.  Any allegations contrary to

the plain language, meaning and context of the contract are denied.  Defendants further aver that

KID operates certain Project irrigation works owned by the United States and that KID delivers

water to water users both within and outside KID's boundaries.

      26.    The allegations of this paragraph constitute legal conclusions, to which no

response is required.  To the extent a response is required, Defendants deny the allegations.

      27.    The allegations of this paragraph constitute legal conclusions, to which no

response is required.  To the extent a response is required, Defendants deny the allegations.

      28.    Defendants admit that the Oregon Legislative Assembly enacted the Oregon

Water Code on February 24, 1909, Laws 1909, p. 319; Section 6594 *et seq*., which ORS §

537.010 refers to as the "Oregon Water Rights Act," and that ORS § 537.010 further states: "As

used in this chapter, 'Water Rights Act' means and embraces ORS 536.050, 537.120, 537.130,

537.140 to 537.252, 537.390 to 537.400, 538.420, 540.010 to 540.120, 540.210 to 540.230,

540.310 to 540.430, 540.505 to 540.585 and 540.710 to 540.750."

      29.    The allegations of the first sentence of this paragraph constitute legal conclusions

based upon ORS § 537.11, to which no response is required.  To the extent a response is

required, ORS § 537.11 speaks for itself and provides the best evidence of its content.  Any

allegations contrary to the plain language, meaning and context of ORS § 537.11 are denied.

The remaining allegations of this paragraph constitute legal conclusions, to which no response is

required.  To the extent a response is required, Defendants admit that ORS § 307.101(1)(b)(D)

states that "[r]eal property," "[a]s used in the property tax laws of this state,"  includes "[a]ll water rights and water powers and all other rights and privileges in any way appertaining to the land."  Defendants deny the remaining allegations of this paragraph as overly broad, incomplete, and lacking supporting citations.

30.    The allegations of this paragraph purport to characterize certain provisions of the Oregon Water Rights Act, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the Oregon Water Rights Act are denied.  Defendants further deny the allegations of the first sentence on the basis that it has been unable to locate the purported provision of the Oregon Water Rights Act cited as ORS 539.007(11).

31.    The allegations of this paragraph purport to characterize the legal effect of Chapter 539 of the Oregon Water Rights Act, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Chapter 539 are denied.

32.    With respect to the allegations of the first sentence of this paragraph, Defendants aver that "[o]n December 23, 1975, the OWRD Director, James E. Sexson, issued a document entitled 'Notice to Water Users, Klamath River and Its Tributaries.'"  That document, among other things, (1) stated that "'on September 1, 1976 the Water Resources Director of the State of Oregon will begin an investigation of the flow and use of the waters of the Klamath River and its tributaries . . . (except Cherry Creek. Anna Creek, and those portions of the Wood River. Sprague River and Swan Lake Basin outside the former Klamath Indian Reservation boundaries'"; and (2) "directed any person intending to make a water right claim in the Adjudication to file a 'written notification of intent to file a claim on or before October 1,

1976.'"  KBA_ACFFOD_00004.  The allegations of the second sentence constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants aver that the Ninth Circuit Court of Appeals in *United States v. Oregon*, 44 F.3d 758 (9th Cir. 1994), addressed whether the Klamath Basin Adjudication and scope of the rights being addressed in that proceeding satisfy the requirements of the McCarran Amendment (43 U.S.C. §666).  That opinion speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that opinion are denied. Defendants deny that the Klamath Basin Adjudication is adjudicating tribal claims in California.

33.    With respect to the allegations of the first sentence of this paragraph, Defendants admit that the Oregon Water Resources Department did not regulate or enforce pre-1909 water rights in the Klamath Basin while the administrative phase of the Klamath Basin Adjudication was pending.  The remaining allegations of the first sentence are based upon speculation as to the basis for this lack of regulation, as to which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and the allegations are denied on that basis. These allegations further purport to characterize the legal effect of a March 18, 1996 memorandum, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the memorandum are denied. The allegations of the second and third sentence of this paragraph purport to characterize a January 9, 1997 memorandum, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the memorandum are denied.

34.    The allegations of this paragraph are vague and ambiguous as to the time period in question, the meaning of "all water rights associated with the Klamath Project," the identity of

the party or parties who are alleged to have "otherwise assumed" the referenced allegations, and the identity of "others" who were assumed to hold "water rights in UKL," and are denied on that basis.  Notwithstanding this denial, Defendants admit that the United States asserted water right claims on behalf of the Klamath Project during the administrative phase of the Klamath Basin Adjudication, as well as claims in its capacity as trustee for the Klamath Tribes, which claims speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the claims are denied.  Defendants further aver that Reclamation operated the Klamath Project under annual operating plans during the administrative phase of the Klamath Basin Adjudication consistent with its legal obligations.

35.    Defendants admit the allegations of this paragraph that, on March 7, 2013, the Adjudicator for the Oregon Water Resources Department issued a Findings of Fact and Final Order of Determination ("FFOD"), which was filed with the Klamath County Circuit Court, but deny that the issuance and filing of the FFOD with the Circuit Court completed the administrative phase of the Klamath Basin Adjudication.  Defendants further aver that the Oregon Water Resources Department subsequently filed the ACFFOD, dated February 28, 2014, with the Court.

36.    With respect to the allegations of the first sentence of this paragraph, Defendants admit that the National Marine Fisheries Service and the United States Fish and Wildlife Service issued coordinated biological opinions on proposed Project operations in 2013 (referred to collectively as the "2013 BiOp"), but deny that the proposed operations reviewed in the 2013 BiOp called for the "use of Project water for augmented instream flows."  With respect to the allegations of the second and third sentences, Defendants admit that in 2013, following

Endangered Species Act consultation and issuance of the FFOD, Reclamation began

implementing the proposed operations reviewed in the 2013 BiOp.

37.    The allegations of this paragraph purport to quote from and characterize the 2013

BiOp, which speaks for itself and provides the best evidence of its content.  Any allegations

contrary to the plain language, meaning and context of the 2013 BiOp are denied.

38.    Defendants admit the allegations of this paragraph.

39.    The allegations of this paragraph constitute legal conclusions, to which no

response is required.  To the extent a response is required, ORS §§ 539.130(4), 539.170, and

539.180 and the ACFFOD speak for themselves and provide the best evidence of their content.

Any allegations contrary to the plain language, meaning and context of the statutory sections and

ACFFOD are denied.

40.    The allegations of this paragraph constitute legal conclusions, to which no

response is required.  To the extent a response is required, Defendants admit that the rights

administratively determined by the FFOD and ACFFOD are legally enforceable under Oregon

law, but deny that the FFOD and ACFFOD have made any final determination of the legal rights

of the parties to this action.

41.    Defendants admit the allegations of this paragraph.

42.    The allegations of the first sentence of this paragraph are vague, overly broad, and

ambiguous and are denied on that basis.

(a) The allegations of this sub-paragraph constitute legal conclusions based upon ORS §§

    539.130 and 539.170, to which no response is required.  To the extent a response is

    required, ORS §§ 539.130 and 539.170 speak for themselves and provide the best

evidence of their content.  Any allegations contrary to the plain language, meaning and context of ORS §§ 539.130 and 539.170 are denied.

(b) The allegations of this sub-paragraph constitute legal conclusions based upon KBA_ACFFOD_07060, 07084, and 07117, to which no response is required.  To the extent a response is required, the cited pages of the ACFFOD speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited pages of the ACFFOD are denied.

(c) The allegations of this sub-paragraph constitute legal conclusions based upon KBA_ACFFOD_07061 and 07075, to which no response is required.  To the extent a response is required, the cited pages of the ACFFOD speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited pages of the ACFFOD are denied.

(d) The allegations of this sub-paragraph constitute legal conclusions based upon the ACFFOD, including KBA_ACFFOD_07075, 07084, 07086, 07160, 07061, to which no response is required.  To the extent a response is required, the ACFFOD speaks for itself and provides the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

(e) Defendants admit that Reclamation did not claim in the Klamath Basin Adjudication and the ACFFOD does not confirm a water right that entitles Reclamation to use water from Upper Klamath Lake for instream purposes, but deny all remaining allegations in this sub-paragraph.

(f) The allegations of this sub-paragraph constitute legal conclusions based upon KBA_ACFFOD_04943-44, to which no response is required.  To the extent a

response is required, KBA_ACFFOD_04943-44 speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of KBA_ACFFOD_04943-44 are denied, including any allegations that the referenced no-call agreement is perpetual.

(g) Defendants admit that the Hoopa Valley Tribes, the Yurok Tribe, and/or the United States, acting in its trust capacity for one or both Tribes, did not claim in the Klamath Basin Adjudication of Oregon—and that the ACFFOD does not confirm—water rights in Upper Klamath Lake for use related to one or both Tribes, but deny all remaining allegations in this sub-paragraph.

(h) The allegations of this sub-paragraph constitute legal conclusions based upon the Oregon Water Rights Act, including ORS §§ 537.130 and 540.270, to which no response is required. To the extent a response is required, the Oregon Water Rights Act speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the Oregon Water Rights Act are denied.

43.     Except to aver that, between May 31, 2013 and April 1, 2019, Reclamation managed the Klamath Project consistent with the Proposed Action that underwent ESA consultation in 2013 ("2013 Proposed Action"), except as modified by court order (*see Yurok Tribe v. United States Bureau of Reclamation (No. 16-cv-6863) and Hoopa Valley Tribe v. Bureau of Reclamation (No. 16-cv-4294),* 231 F. Supp. 450 (N.D. Cal 2017)), Defendants deny the allegations of the first sentence of this paragraph. Defendants deny the allegations of the second sentence. The allegations of the third sentence are overly vague and ambiguous and denied on that basis. Defendants nonetheless aver that the ACFFOD determined that KID and

the landowners served by facilities operated by KID, along with the United States, hold certain beneficial interests in water stored in Upper Klamath Lake in accordance with the terms of the ACFFOD, which speaks for itself and provides the best evidence its content.  With respect to the allegations of the fourth sentence, Defendants admit that Reclamation has not purchased or condemned "under judicial process" a perpetual interest in any water rights that may be held by KID, its landowners, and/or other water users who receive water through KID facilities pursuant to the provisions of Sections 7 and 8 of the Reclamation Act, but deny the remaining allegations of this sentence.

44.    Defendants admit the allegations of the first two sentences of this paragraph. With respect to the allegations of the third sentence, Defendants admit that, on April 1, 2019, Reclamation in the FONSI approved the Klamath Project Operating Procedures 2019-2024, which Operating Procedures are consistent with the amended proposed action ("2019 Amended Proposed Action") reviewed in the 2019 FWS BiOp and the 2019 NMFS BiOp (collectively "2019 BiOps").  Defendants deny the allegations of the third sentence, but aver that Reclamation is operating the Klamath Project consistent with the 2019 Amended Proposed Action that underwent ESA consultation with FWS and NMFS.  With respect to the allegations of the fourth sentence, Defendants admit only that Reclamation is now implementing the 2019 Amended Proposed Action that underwent ESA consultation and was reviewed in the FONSI and responds to the allegations of the subparagraphs below.

(a) The allegations of this subparagraph constitute legal conclusions and Plaintiff's characterization of the 2013 Proposed Action and 2019 Amended Proposed Action (collectively "2013 and 2019 Proposed Actions"), respectively, to which no response is required.  To the extent a response is required, the 2013 and 2019 Proposed Actions

speak for themselves and provide the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the 2013 and 2019 Proposed Actions are denied. Defendants further affirmatively deny that Reclamation has violated Section 8 of the Reclamation Act and that it is "using" water in Upper Klamath Lake for instream purposes.

(b) The allegations of this subparagraph constitute Plaintiff's characterization of the 2013 and 2019 Proposed Actions, to which no response is required. To the extent a response is required, the 2013 and 2019 Proposed Actions speak for themselves and provide the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the 2013 and 2019 Proposed Actions are denied.

(c) With respect to the allegations of this subparagraph, Defendants admit that Reclamation is implementing the 2019 Amended Proposed Action that was found not to jeopardize ESA-listed species and has not purchased or condemned "under judicial process" a perpetual interest in any water rights that may be held by KID, its landowners, and/or other water users who receive water through KID facilities pursuant to the provisions of Sections 7 and 8 of the Reclamation Act, but deny that such action violates Sections 7 and 8 of the Reclamation Act, that they are depriving KID or its landowners of their vested water rights, or that the United States has not provided water users compensation through drought relief and other programs.

(d) With respect to the allegations of this subparagraph, Defendants admit that Reclamation is implementing the 2019 Amended Proposed Action that was found not to jeopardize ESA-listed species and has not purchased or condemned "under judicial process" a perpetual interest in any water rights that may be held by KID, its

landowners, and/or other water users who receive water through KID facilities, but deny that such action violates the due process requirements of the Fifth Amendment of the United States Constitution, deprives KID or its landowners of their vested water rights, or that the United States has not provided water users compensation through drought relief and other programs.

45.    Except to admit that Reclamation intends to continue implementing the 2019 Amended Proposed Action that was found not to jeopardize ESA-listed species and was reviewed in the FONSI, Defendants deny the allegations of this paragraph.

46.    Defendants deny the allegations of the first sentence of this paragraph.  The allegations of the second sentence are vague and overly broad and denied on that basis. Defendants further affirmatively deny the suggestion in these allegations that Defendants' actions are unlawful.  Defendants deny the allegations of the third and fourth sentences.

## FIRST CLAIM FOR RELIEF

### (Alleged Violation of the APA – Section 8 of the Reclamation Act)

47.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 46, above.

48.    The allegations of this paragraph constitute legal conclusions based upon 5 U.S.C. § 706(2)(A)-(C), to which no response is required.  To the extent a response is required, the provisions of 5 U.S.C. § 706(2)(A)-(C) speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of 5 U.S.C. § 706(2)(A)-(C) are denied.

49.    The allegations of this paragraph that characterize Section 8 of the Reclamation Act constitute legal conclusions, to which no response is required.  To the extent a response is

required, Section 8 of the Reclamation Act speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section 8 of the Reclamation Act are denied.  Defendants deny the remaining allegations of this paragraph.

50.    Defendants deny the allegations of this paragraph.

51.    Defendants deny the allegations of this paragraph.

52.    Defendants deny the allegations of this paragraph.

53.    Defendants deny the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF

### (Alleged Violation of the APA – Section 7 of the Reclamation Act)

54.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 53, above.

55.    The allegations of this paragraph constitute legal conclusions based upon 5 U.S.C. § 706(2)(A)-(C), to which no response is required.  To the extent a response is required, the provisions of 5 U.S.C. § 706(2)(A)-(C) speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of 5 U.S.C. § 706(2)(A)-(C) are denied.

56.    The allegations of this paragraph constitute legal conclusion based upon Section 7 of the Reclamation Act, to which no response is required.  To the extent a response is required, Section 7 of the Reclamation Act speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section 7 of the Reclamation Act are denied.

57.    Defendants deny the allegations of this paragraph.

58.    Defendants deny the allegations of this paragraph.

## THIRD CLAIM FOR RELIEF

### (Alleged Violation of the APA – Arbitrary and Capricious Baseline)

59.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 58, above.

60.     The allegations of this paragraph constitute legal conclusions based upon 5 U.S.C. § 706(2)(A)-(C), to which no response is required.  To the extent a response is required, the provisions of 5 U.S.C. § 706(2)(A)-(C) speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of 5 U.S.C. § 706(2)(A)-(C) are denied.

61.     Defendants admit that the 2013 BiOp was issued May 31, 2013.  The remaining allegations of this paragraph purport to quote and characterize the terms of the 2013 BiOp, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the 2013 BiOp are denied.

62.     The allegations of the first sentence of this paragraph purport to characterize the terms and legal effect of the FFOD and the ACFFOD, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the FFOD and ACFFOD are denied.  With respect to the allegations of the second and third sentences, Defendants admit that certain Reclamation staff reviewed the FFOD and ACFFOD following their issuance and that, following the issuance of 2013 BiOp and until implementation of the 2019 Amended Proposed Action, Reclamation managed the Klamath Project consistent with the 2013 Proposed Action, except as modified by injunction ordered in two cases brought by the Yurok and Hoopa Valley Tribes cited in Paragraph 43, above.

Defendants deny the remaining allegations of the second and third sentences. With respect to the allegations of the fourth sentence, Defendants admit that Reclamation began implementing the 2019 Amended Proposed Action following issuance of the 2019 BiOps and FONSI. Defendants deny the remaining allegations of the fourth sentence.

63.    Defendants deny the allegations of this paragraph.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment)

64.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 63, above.

65.    The allegations of this paragraph constitute legal conclusions based upon 28 U.S.C. § 2201, to which no response is required. To the extent a response is required, 28 U.S.C. § 2201 speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of 28 U.S.C. § 2201 are denied.

66.    The allegations of this paragraph constitute legal conclusions based upon 28 U.S.C. § 2202, to which no response is required. To the extent a response is required, 28 U.S.C. § 2202 speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of 28 U.S.C. § 2202 are denied.

## COUNT 1

### Alleged Violation of Section 8 of Reclamation Act

### (Unlawfully using water)

67.    Defendants deny the allegations of this paragraph.

68.    Defendants deny the allegations of the first sentence of this paragraph. The allegations of the second sentence constitute Plaintiff's characterization of its case, to which no

response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any injunctive or other relief or that Defendants are required to obtain a water right for instream purposes.

## COUNT 2

### Alleged Violation of Section 8 of Reclamation Act

### (Unlawfully curtailing water)

69.    Defendants deny the allegations of this paragraph.

70.    Defendants deny the allegations of the first sentence of this paragraph. The allegations of the second sentence constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any injunctive or other relief or that Defendants are required to obtain a water right for instream purposes.

## COUNT 3

### Alleged Violation of Sections 7 and 8 of Reclamation Act

### (Condemnation without judicial process)

71.    Defendants deny the allegations of this paragraph.

72.    Defendants deny the allegations of the first sentence of this paragraph. The allegations of the second sentence constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any injunctive or other relief or that Defendants are required to obtain a water right for instream purposes.

**COUNT 4**

**Alleged Violation of the Fifth Amendment**

**(Right to Procedural Due Process)**

73.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 72, above.

74.     The allegations of this paragraph constitute legal conclusions based upon the due process clauses of the Fifth Amendment to the United States Constitution, to which no response is required.  To the extent a response is required, the due process clauses of the Fifth Amendment to the United States Constitution speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the due process clauses of the Fifth Amendment to the United States Constitution are denied.

75.     The allegations of this paragraph constitute legal conclusions based upon the due process clauses of the Fifth Amendment to the United States Constitution, to which no response is required.  To the extent a response is required, the due process clauses of the Fifth Amendment to the United States Constitution speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the due process clauses of the Fifth Amendment to the United States Constitution are denied.

76.     The allegations of the first sentence of this paragraph constitute legal conclusions based upon Section 7 of the Reclamation Act, to which no response is required.  To the extent a response is required, Section 7 of the Reclamation Act speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section 7 of the Reclamation Act are denied.  With respect to the allegations of the second sentence, Defendants admit that Reclamation has not sought to purchase or condemn "through

judicial process" a perpetual interest in any water rights held by KID, its landowners, and/or other water users who receive water through KID facilities, but deny that it is required to do so.

77.     Defendants deny the allegations of this paragraph.

78.     Defendants deny the allegations of the first sentence of this paragraph.  The allegations of the second sentence constitute Plaintiff's characterization of its case, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any injunctive or other relief or that Defendants are required to obtain a water right for instream purposes.

79.     Defendants deny the allegations of the first and second sentences of this paragraph.  Defendants further deny that Plaintiff has sustained any injury under either the 2013 Proposed Action or the 2019 Amended Proposed Action entitling them to declaratory or other relief.  The allegations of the third sentence constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any declaratory or injunctive relief.

## PRAYER FOR RELIEF

The allegations set forth in Paragraphs 1 to 5 of this section are requests for relief, to which no responsive pleading is required.  Defendants nonetheless affirmatively deny that Plaintiff is entitled to the requested relief, including paragraphs 1-5, or to any relief whatsoever.

## GENERAL DENIAL

To the extent that Defendants have not specifically admitted or responded to any allegations of the Complaint, Defendants hereby deny all such allegations.

## DEFENSES

1.      Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2.      The Court lacks subject matter jurisdiction over Plaintiff's claims, in whole or in part, because they challenge actions taken pursuant to the Endangered Species Act without being pled under the waiver of sovereign immunity provided by the Endangered Species Act and in the absence of the statutorily-mandated 60-day written notice of intent to sue.  16 U.S.C. § 1540(g)(1)(A), (g)(2)(A).

3.      Plaintiff's claims are barred by the doctrine of laches.

4.      Plaintiff's claims are barred by the doctrines of collateral estoppel, issue preclusion, and/or res judicata.

Defendants reserve the right to assert such defenses that may appear applicable during the course of this litigation.

WHEREFORE, having fully answered, Defendants pray that this action be dismissed, that judgment be entered for Defendants, and that the Court grant such other relief as may be appropriate.

Respectfully submitted this 9th day of August, 2019.

LAWRENCE VANDYKE
JEAN E. WILLIAMS, Deputy Assistant
Attorney Generals

 s/ Thomas K. Snodgrass
Thomas K. Snodgrass, Sr. Attorney
Eve W. McDonald, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

Seth M. Barsky, Chief
S. Jay Govindan, Assistant Chief
Robert P. Williams, Sr. Trial Attorney
Kaitlyn Poirier, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

Attorneys for Defendants