LAWRENCE VANDYKE
JEAN E. WILLIAMS, Deputy Assistant
Attorney Generals
Environment & Natural Resources Division

THOMAS K. SNODGRASS, Senior Attorney
EVE W. MCDONALD, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
ROBERT P. WILLIAMS, Sr. Trial Attorney
KAITLYN POIRIER, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Medford Division

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT,<br><br>        Plaintiff,<br><br> v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DAVID BERNHARDT, Secretary of the Interior, in his official capacity; BRENDA BURMAN, Commissioner of the Bureau of Reclamation, in her official capacity; ERNEST CONANT, Director of the Mid-Pacific Region, Bureau of Reclamation, in his official capacity; and JEFFREY NETTLETON, in his official capacity as Area Manager for the Klamath Area Reclamation Office,<br><br>        Defendants. | Consolidated Cases<br>Case No. 1:19-cv-00451-CL (lead)<br>Case No. **1:19-cv-00531-CL**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS SHASTA VIEW IRRIGATION DISTRICT ET AL'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PRELIMINARY INJUNCTION** |

SHASTA VIEW IRRIGATION DISTRICT,
KLAMATH DRAINAGE DISTRICT, VAN
BRIMMER DITCH COMPANY, TULELAKE
IRRIGATION DISTRICT, KLAMATH WATER
USERS ASSOCIATION, BEN DUVAL, and ROB
UNRUH,

                                  Plaintiffs,

      v.

UNITED STATES BUREAU OF
RECLAMATION; ERNEST CONANT, in his
official capacity as the Regional Director of the
Mid-Pacific Region of the United States Bureau of
Reclamation; JEFFREY NETTLETON, in his
official capacity as the Area Manager of the
Klamath Basin Area Office of the United States
Bureau of Reclamation,

                                Defendants.

Defendants UNITED STATES BUREAU OF RECLAMATION; ERNEST CONANT, in

his official capacity as the Regional Director of the Mid-Pacific Region of the United States

Bureau of Reclamation; JEFFREY NETTLETON, in his official capacity as the Area Manager

of the Klamath Basin Area Office of the United States Bureau of Reclamation (collectively

referred to as Defendants), hereby respond to the allegations of Plaintiffs' First Amended

Complaint for Declaratory and Injunctive Relief and Preliminary Injunction (ECF No. 19)

("Complaint").  The numbered paragraphs in this Answer correspond to the numbered

paragraphs in the Complaint.  Defendants generally deny all the allegations of the Complaint,

except as specifically admitted below.

## JURISDICTION, SOVEREIGN IMMUNITY, AND VENUE

1.      The first, third, and fourth sentences of paragraph 1 constitute Plaintiffs'

characterization of their case, to which no response is required.  To the extent a response is

required, Defendants admit that the Klamath Project is a federal reclamation project and deny that the "Action," as described in this paragraph, is unlawful. Defendants deny the second and fifth sentences.

2.      The allegations of paragraph 2 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

3.      Except to deny that any property is at issue in this case, Defendants admit the allegations of the first sentence of paragraph 3. The allegations of the second sentence constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants admit that the District of Oregon is a proper venue.

4.      The allegations of paragraph 4 constitute Plaintiffs' characterization of its case and a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

**<u>PARTIES</u>**

5.      Defendants admit the allegation of the second sentence of paragraph 5. The allegations of the first, third, fourth, and fifth sentences constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first, third, fourth, and fifth sentences, and on that basis deny them. The allegations of the sixth sentence are a characterization of the Plaintiffs' case and constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that water users are entitled to receive specific quantities of irrigation water through SVID's facilities.

6.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, third, and fourth sentences of paragraph 6, and on that basis deny them.  The allegations of the fifth sentence are a characterization of the Plaintiffs' case and constitute a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny that water users are entitled to receive specific quantities of irrigation water through KDD's facilities.

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 7, and on that basis deny them. Defendants admit the allegations of the second sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence, and on that basis deny them.  The allegations of the fourth sentence are a characterization of the Plaintiffs' case and constitute a legal conclusion, to which no response is required.

8.     Defendants admit the allegations of the first sentence of paragraph 8 that TID is a California irrigation district, but lack knowledge or information sufficient to form a belief about the allegations concerning the circumstances of TID's formation, and on that basis deny them. Defendants admit the allegation of the second sentence that TID is located in Modoc County and Siskiyou County, California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the third, fourth, fifth, sixth, and seventh sentences, and on that basis deny them.  In addition, the second half of the seventh sentence contains a legal conclusion, to which no response is required.  The allegations of the eighth sentence are a characterization of the Plaintiffs' case and constitute a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny that water users are entitled to receive specific quantities of irrigation water through TID's facilities.

9.      Paragraph 9, defining the term "Districts," requires no response.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis deny them.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and on that basis deny them.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis deny them.

13.     Paragraph 13, defining the term "Water Users," requires no response.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis deny them.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis deny them.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis deny them.  In addition, the allegations of the fourth and eighth sentences constitute legal conclusions, to which no response is required.

17.     Defendants admit the allegations of the first sentence of paragraph 17.  The allegations of the second sentence are vague, ambiguous and incomplete and denied on that basis.

18.     Defendants admit the allegations of the first sentence that Ernest Conant is the Regional Director of Reclamation's Mid-Pacific Region Office.  The allegations of the second sentence characterizing his duties are vague and ambiguous and incomplete and denied on that basis.

19.     Defendants admit the allegations of the first sentence of paragraph 19.  The allegations of the second sentence characterizing Defendant Nettleton's duties are vague and ambiguous and incomplete and denied on that basis.  With respect to the allegations of the third sentence, Defendants admit that Defendant Nettleton approved the Action and is overseeing its implementation by the Klamath Basin Area Office.

## GENERAL ALLEGATIONS

20.     The allegations of paragraph 20 are overly vague and ambiguous and denied on that basis.

21.     Defendants admit the allegations of the first sentence of paragraph 21.  The allegations of the second, third, and fifth sentences purport to characterize the 1902 Reclamation Act, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the 1902 Act are denied.  Defendants admit the allegations of the fourth sentence.

22.     The allegations of the first sentence of paragraph 22 purport to characterize the 1902 Act, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of 1902 Act are denied.  The allegations of the second sentence are overly broad and denied on that basis and constitute legal conclusions, to which no response is required.

23.     The allegations of paragraph 23 purport to characterize the legal effect of Chapter 5, Oregon Laws of 1905, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Chapter 5, Oregon Laws of 1905, are denied.

24.     The allegations of paragraph 24 purport to characterize the legal effect of California's Act of February 3, 1905 (1905 Cal. Stat. at 4), which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that Act are denied.

25.     The allegations of paragraph 25 purport to quote and characterize the legal effect of the federal Act of February 9, 1905, 58 Pub. L. 66, 33 Stat. 714, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that Act are denied.

26.     The allegations of paragraph 26 purport to quote and characterize the legal effect of Chapter 228, Oregon Laws of 1905, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Chapter 228, Oregon Laws of 1905, are denied.

27.     Defendants admit the allegations of paragraph 27, except to aver that plans for construction of the Project and a certificate to the effect that the construction had been authorized were filed concurrently with the State Engineer on May 1, 1908.

28.     The allegations of paragraph 28 are vague and overly broad and constitute legal conclusions, to which no response is required.  Defendants nonetheless admit that the Project was completed and water rights for the Project were perfected in conformance with applicable law.

29.     The allegations of paragraph 29 are overly vague, ambiguous and incomplete and denied on that basis.  In addition, these allegations refer to certain contracts, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the contracts are denied.

30.     The allegations of the first sentence of paragraph 30 are overly broad in suggesting that the construction of the Project alone eliminated the physical water supply at Van Brimmer's point of diversion and are denied on that basis.  The allegations of the second sentence characterize the 1909 Van Brimmer contract, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that contract are denied.  The allegations of the third sentence constitute a legal conclusion, to which no response is required, and are vague and ambiguous and denied on that basis.  To the extent the allegations of the third sentence are intended to refer to contracts executed subsequent to the 1909 Van Brimmer contract, those contracts speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those contracts are denied.

31.     The allegations of paragraph 31 constitute legal conclusions, to which no response is required, and are overly broad and denied on that basis.

32.     Defendants admit the allegations of the first sentence of paragraph 32, except to aver that Project facilities also divert and redivert water from the Lost River.  The allegations of the second sentence constitute a legal conclusion to which no response is required.  To the extent a response is required, the allegations are based, at least in part, upon the Amended and Corrected Findings of Fact and Order of Determination, dated February 2, 2014 and issued by the Adjudicator for the Klamath Basin General Stream Adjudication ("ACFFOD"), which is currently being reviewed by the Klamath County Circuit Court.  The ACFFOD speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

33.    The allegations of paragraph 33 constitute legal conclusions, to which no response is required.  To the extent a response is required, these allegations are based, at least in part, upon unspecified contracts, which speak for themselves and provide the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the contracts are denied. Defendants further affirmatively deny that those contracts override the requirements of applicable federal law, including but not limited to the Endangered Species Act.

34.    With respect to the allegations of the first sentence of paragraph 34, Defendants aver that "[o]n December 23, 1975, the OWRD Director, James E. Sexson, issued a document entitled 'Notice to Water Users, Klamath River and Its Tributaries.'"  That document, among other things, (1) stated that "'on September 1, 1976 the Water Resources Director of the State of Oregon will begin an investigation of the flow and use of the waters of the Klamath River and its tributaries . . . (except Cherry Creek. Anna Creek, and those portions of the Wood River. Sprague River and Swan Lake Basin outside the former Klamath Indian Reservation boundaries'"; and (2) "directed any person intending to make a water right claim in the Adjudication to file a 'written notification of intent to file a claim on or before October 1, 1976.'"  KBA_ACFFOD_00004.  The remaining allegations of the first sentence of paragraph 34 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants aver that the Ninth Circuit Court of Appeals in *United States v. Oregon*, 44 F.3d 758 (9th Cir. 1994), addressed whether the Klamath Basin Adjudication and the scope of the rights being addressed in that proceeding satisfy the requirements of the McCarran Amendment (43 U.S.C. §666).  The allegations of the second and third sentences of paragraph 34 characterize the claims of various parties in that adjudication.  Said claims speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain

language, meaning and context of those claims are denied.  The allegations of the fourth and fifth sentences characterize the ACFFOD and constitute legal conclusions based upon the ACFFOD and the Oregon Water Code, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning and context of the ACFFOD and the Oregon Water Code are denied.  The allegations of the sixth sentence, establishing a citation convention, require no response.

35.     The allegations of paragraph 35 purport to quote and characterize the ACFFOD, which speaks for itself and provides the best evident of its contents.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

36.     The allegations of paragraph 36 purport to quote and characterize the ACFFOD, which speaks for itself and provides the best evident of its contents.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

37.     The allegations of paragraph 37 purport to quote and characterize the ACFFOD, which speaks for itself and provides the best evident of its contents.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

38.     Defendants admit the allegations of the first sentence of paragraph 38 that the Project service area is located in the referenced counties, but aver that this service area is comprised of approximately 230,000 acres.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38, and on that basis deny them.

39.     The allegations of the first sentence of paragraph 39 are overly vague and ambiguous and denied on that basis.  The allegations of the second sentence characterize determinations made in the ACFFOD and the Action approved in the Environmental Assessment

and Finding of No Significant Impact issued by Reclamation in April 2019, which speak for themselves and provide the best evidence of their content. Any allegations contrary to the plain language, meaning and context of those documents are denied. The allegations of the second sentence are also unduly speculative to the extent that they assert future water demand under the Project water rights will equal the maximum diversions determined in the ACFFOD and denied on that basis. The allegations of the third sentence referring to "far less" are vague and ambiguous and denied on that basis. The allegations of the third sentence further purport to characterize certain "hydrologic model outputs," which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning and context of those hydrologic model outputs are denied.

40.     The allegations of paragraph 40 referring to a reduction of water use below historic levels are unduly speculative and denied on that basis. The remaining allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41.     The allegations of paragraph 41 are unduly speculative and constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

42.     The allegations of the first sentence of paragraph 42 alleging that "Defendants have not secured Water Users' water rights through compensation agreements or other agreements" are vague and ambiguous and denied on that basis. Defendants further aver that the United States has provided water users compensation through drought relief and other programs. Defendants deny the remaining allegations of paragraph 42.

## RELEVANT LAW

43.     The allegations of paragraph 43 purport to quote Section 8 of the 1902 Reclamation Act, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section 8 are denied.

44.     The allegations of paragraph 44 purport to quote Section 7(a)(2) of the ESA, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section (7)(a)(2) are denied.

45.     The allegations of paragraph 45 constitute legal conclusions based upon the Administrative Procedures Act, 5 U.S.C. §§ 701-706, to which no response is required.  To the extent a response is required, the APA speaks for itself and provides the best evidence of its content.  Any allegations contrary to plain language, meaning and context of the APA are denied.

46.     The allegations of the first sentence purport to quote section 2201 of the Declaratory Judgment Act, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section 2201 are denied. The allegations of the second sentence constitute legal conclusions based upon Section 2202 of the Declaratory Judgment Act, to which no response is required.  To the extent a response is required, Section 2202 speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section 2202 are denied.

47.     The allegations of paragraph 47 constitute legal conclusions based upon 43 U.S.C. § 383 and the McCarran Amendment, to which no response is required.  To the extent a response is required, any allegations contrary to the plain language, meaning and context of 43 U.S.C. § 383 and the McCarran Amendment are denied.

48.     The allegations of paragraph 48 constitute legal conclusions based upon Or. Rev. Stat. §§ 539.130(4), 539.170, and 539.180, to which no response is required.  To the extent a response is required, any allegations contrary to the plain language, meaning or context of Or. Rev. Stat. §§ 539.130(4), 539.170, and 539.180 are denied.

49.     The allegations of paragraph 49 constitute a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied to the extent they suggest that Reclamation lacks control over water rights held by the Klamath Project and water diverted, stored, and delivered through Klamath Project facilities.

### DEFENDANTS' ACTIONS GIVING RISE TO THIS CASE

50.     Defendants admit the allegations of the first sentence of paragraph 50.  The allegations of the second sentence characterize the referenced Biological Assessment ("Original BA"), which speaks for itself and provides the best evidence of its content.  Any allegation contrary to the plain language, meaning and context of the Original BA are denied.

51.     The allegations of paragraph 51 purport to quote and characterize the Original BA and the referenced amended Biological Assessment ("Amended BA"), which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of these documents are denied.

52.     Defendants deny the allegations of the first sentence of paragraph 52.  The allegations of the second and third sentences purport to quote and characterize the Original BA, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the Original BA are denied.

53.     With respect to the allegations of paragraph 53, Defendants admit that it issued the referenced draft Environmental Assessment ("draft EA") on March 5, 2019 and aver that it

asked for public comment on the draft EA on March 9, 2019 in an email indicating that the public comment period was 15 days.  The remaining allegations of paragraph 53 purport to characterize the draft EA, which speaks for itself and provides the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the draft EA are denied.

54.    Defendants admit the allegations of paragraph 54.

55.    Defendants admit the allegations of paragraph 55.

56.    With respect to the allegations of the first sentence of paragraph 56, Defendants admit that, on April 1, 2019, it approved the proposed action reviewed in the Biological Opinions referenced in paragraphs 54 and 55.  The allegations of the second and third sentences purport to quote and characterize the Environmental Assessment and Finding of No Significant Impact issued by Reclamation in April 2019, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those documents are denied.

57.    The allegations of the first four sentences of paragraph 57 are unduly speculative and denied on that basis.  The allegations of the third sentence further contain legal conclusions, to which no response is required, and purport to characterize determinations made in the ACFFOD and the terms of the referenced contracts, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those documents are denied.  The allegations of the fifth sentence are overly vague and ambiguous due to the use of the term "severely injure" and unduly speculative and are denied on that basis.  Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations of the fifth sentence, and the allegations are further denied on that basis.

## FIRST CLAIM FOR RELIEF

(APA and Declaratory Relief – Actions that are an Abuse of Discretion,
Not in Accordance with Law, and in Excess of Statutory Jurisdiction,
Authority or Limitations, *Ultra-vires* Actions)

58.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 57, above.

59.    The allegations of paragraph 59 are overly vague and ambiguous and denied on that basis.

60.    The allegations of paragraph 60 refer to certain contracts, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those contracts are denied.

61.    The allegations of paragraph 61 constitute legal conclusions based on Section 7(a)(2) of the ESA, to which no response is required.  To the extent a response is required, any allegations contrary to the plain language, meaning and context of Section 7(a)(2) of the ESA are denied.

62.    The allegations of paragraph 62 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 62.

63.    The allegations of paragraph 63 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 63.

64.    The allegations of paragraph 64 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 64.

65.     The allegations of paragraph 65 constitute legal conclusions based upon the referenced contracts, to which no response is required.  To the extent a response is required, the contracts speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the contracts are denied.

66.     The allegations of Paragraph 66 constitute legal conclusions based upon the cited regulations and legal opinions, to which no response is required.  To the extent a response is required, the cited regulations and legal opinions speak for themselves and provide the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authority are denied.

67.     The allegations of paragraph 67 purport to quote and characterize the 1909 Van Brimmer contract with Reclamation, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that contract are denied.

68.     The allegations of paragraph 68 purport to quote and characterize the 1943 Van Brimmer contract with Reclamation, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that contract are denied.

69.     The allegations of paragraph 69 purport to quote the 1948 contract between SVID and Reclamation, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that contract are denied.

70.     The allegations of paragraph 70 characterize the 1954 contract between KID and Reclamation, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that contract are denied.

71.     The allegations Paragraph 71 purports to quote the 1956 contract between TID and Reclamation, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that contract are denied.

72.     The allegations of paragraph 72 purports to quote and characterize the 1943 contract between KDD and Reclamation and also characterize the referenced 1921, 1929, and 1943 contracts, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those contracts are denied.

73.     The allegations of the first and second sentences of paragraph 73 constitute legal conclusions, to which no response is required.  To the extent a response is required, the contracts speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the contracts are denied.  Defendants further affirmatively deny the allegations of the second sentence.  The allegations of the third sentence constitute legal conclusions based upon the cited statute and case law, to which no response is required.  To the extent a response is required, the cited statute and case law speaks for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited statute and case law are denied.  Defendants further affirmatively deny the allegations of the third sentence.  Defendants deny the allegations of the fourth sentence.

74.     Defendants deny the allegations of the first sentence of paragraph 74.  The allegations of the second sentence of paragraph 74 constitute legal conclusions, to which no response is required, and are also overly vague and ambiguous and denied on that basis.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

## SECOND CLAIM FOR RELIEF

(APA and Declaratory Relief – Section 8 of the Reclamation Act)

77.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 76, above.

78.     The allegations of paragraph 78 constitute legal conclusions based upon the ACFFOD, to which no response is required.  To the extent a response is required, the ACFFOD speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

79.     The allegations of paragraph 79 constitute legal conclusions based upon Section 8 of the Reclamation Act, to which no response is required.  To the extent a response is required, Section 8 of the Reclamation Act speaks for itself and provides the best evidence of its context. Any allegations contrary to the plain language, meaning or context of Section 8 are denied. Defendants further affirmatively deny the allegations of this paragraph.

80.     The allegations of paragraph 80 constitute legal conclusions based upon Section 8 of the Reclamation Act, to which no response is required.  To the extent a response is required, Section 8 of the Reclamation Act speaks for itself and provides the best evidence of its context. Any allegations contrary to the plain language, meaning or context of Section 8 are denied. Defendants further affirmatively deny the allegations of this paragraph.

81.     The allegations of paragraph 81 constitute legal conclusions based upon Section 8 of the Reclamation Act, to which no response is required.  To the extent a response is required, Section 8 of the Reclamation Act speaks for itself and provides the best evidence of its context. Any allegations contrary to the plain language, meaning or context of Section 8 are denied. Defendants further affirmatively deny the allegations of this paragraph.

82.     The allegations of paragraph 82 constitute legal conclusions based upon Section 8 of the Reclamation Act, to which no response is required.  To the extent a response is required, Section 8 of the Reclamation Act speaks for itself and provides the best evidence of its context. Any allegations contrary to the plain language, meaning or context of Section 8 are denied. Defendants further affirmatively deny the allegations of this paragraph.

83.     The allegations of paragraph 83 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

84.     The allegations of paragraph 84 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

85.     The allegations of paragraph 85 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF

(APA and Declaratory Relief – Actions that are an Abuse of Discretion,
Not in Accordance with Law, and in Excess of Statutory Jurisdiction, Authority,
or Limitations, Breach of Reclamation Law – Stored Water)

86.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 85, above.

87.     Defendants deny the allegations of the first sentence of paragraph 87 as incomplete.  The allegations of the second sentence constitute legal conclusions, to which no response is required, and characterize the ACFFOD, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

88.    The allegations of paragraph 88 characterize the ACFFOD, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

89.    The allegations of paragraph 89 purport to quote from Section 8 of the Reclamation Act, 43 U.S.C. § 383, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of Section 8 are denied.

90.    The allegations of the first two sentences of paragraph 90 characterize the Action approved in the Environmental Assessment and Finding of No Significant Impact issued by Reclamation in April 2019, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those documents are denied.  The allegations of the first sentence referring to "depriving Water Users and Association members and their patrons of the use of stored water" are also overly vague and denied on that basis.  The allegations of the third and fourth sentences constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

91.    The allegations of the first sentence of paragraph 91 constitute legal conclusions based upon Section 7(a)(2) of the ESA and the cited legal opinions, to which no response is required.  To the extent a response is required, Section 7(a)(2) and the cited legal opinions speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of Section 7(a)(2) and the cited legal opinions are denied. The remaining allegations of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF

(APA and Declaratory Relief – Capped Water Deliveries;
Excess of Statutory Jurisdiction; Arbitrary and Capricious)

92.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 91, above.

93.     The allegations of paragraph 93 characterize the ACFFOD, which speaks for itself and provides the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the ACFFOD are denied.

94.     The allegations of the first sentence of this paragraph and the first clause of the second sentence referring to "[t]he maximum diversion cap of 350,000 acre-feet" characterize the action approved in the Environmental Assessment and Finding of No Significant Impact issued by Reclamation in April 2019, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those documents are denied.  The remaining allegations of the second sentence constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

95.     The allegations of paragraph 95 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

96.     The allegations of paragraph 96 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF

(APA and Declaratory Relief – Reclamation's Determination with Respect
to Compliance with ESA Section 7 as related to Shortnose Suckers
and Lost River Suckers is Arbitrary, Capricious and Contrary to Law)

97.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 96, above.

98.     The allegations of paragraph 98 purport to quote and characterize Section 7(a)(2) of the ESA, codified at 16 U.S.C. § 1536(a)(2), and 50 C.F.R. § 402.02, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of Section 7(a)(2) and § 402.02 are denied.

99.      The allegations of paragraph 99 characterize the action approved in the Environmental Assessment and Finding of No Significant Impact issued by Reclamation in April 2019, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those documents are denied.

100.     The allegations of paragraph 100 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

101.     The allegations of paragraph 101 contain allegations of fact, which Defendants deny, and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

102.     The allegations of the first three sentences of paragraph 102 constitute a characterization of Plaintiffs' case and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations of the fourth sentence.

103.     The allegations of paragraph 103 constitute legal conclusions, to which no

response is required.  To the extent a response is required, Defendants deny the allegations.

104.    The allegations of paragraph 104 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## SIXTH CLAIM FOR RELIEF

(APA and Declaratory Relief – Reclamation's Determination with Respect to Compliance with ESA Section 7 as Related to SONCC, Sturgeon, Orca, and Eulachon is Arbitrary, Capricious, and Contrary to Law)

105.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 104, above.

106.    The allegations of paragraph 106 purport to quote and characterize Section 7(a)(2) of the ESA, codified at 16 U.S.C. § 1536(a)(2), and 50 C.F.R. § 402.02, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of Section 7(a)(2) and § 402.02 are denied.

107.    The allegations of paragraph 107 characterize the action approved in the Environmental Assessment and Finding of No Significant Impact issued by Reclamation in April 2019, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those documents are denied.

108.    The allegations of paragraph 108 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

109.    The allegations of the first two sentences of paragraph 109 constitute a characterization of Plaintiffs' case and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations of the third sentence.

110.    The allegations of paragraph 110 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

111.    The allegations of paragraph 111 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The allegations set forth in Paragraphs 1 to 8 of this section are requests for relief to which no responsive pleading is required.  Defendants nonetheless affirmatively deny that Plaintiffs are entitled to the requested relief, including paragraphs 1-8, or to any relief whatsoever.

## GENERAL DENIAL

To the extent that Defendants have not specifically admitted or responded to any allegations of the Complaint, Defendants hereby deny all such allegations.

## DEFENSES

1.    Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

2.    The Court lacks subject matter jurisdiction over Plaintiffs' claims, in whole or in part, because they challenge actions taken pursuant to the Endangered Species Act without being pled under the waiver of sovereign immunity provided by the Endangered Species Act and in the absence of the statutorily-mandated 60-day written notice of intent to sue.  16 U.S.C. § 1540(g)(1)(A), (g)(2)(A).

3.    Plaintiffs' claims are barred by the doctrine of laches.

4.    Plaintiffs' claims are barred by the doctrines of collateral estoppel, issue preclusion, and/or res judicata.

5.      One or more of Plaintiffs lack standing.

Defendants reserve the right to assert such defenses that may appear applicable during the course of this litigation.

WHEREFORE, having fully answered, Defendants pray that this action be dismissed, that judgment be entered for Defendants, and that the Court grant such other relief as may be appropriate.

Respectfully submitted this 9th day of August, 2019.

LAWRENCE VANDYKE
JEAN E. WILLIAMS, Deputy Assistant
Attorney Generals

 s/ Thomas K. Snodgrass
Thomas K. Snodgrass, Sr. Attorney
Eve W. McDonald, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

Seth M. Barsky, Chief
S. Jay Govindan, Assistant Chief
Robert P. Williams, Sr. Trial Attorney
Kaitlyn Poirier, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

Attorneys for Defendants