IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KLAMATH IRRIGATION DISTRICT, et al,     Case No. 1:19-cv-00451-CL
SHASTA VIEW IRRIGATION DISTRICT, et al,     Case No. 1:19-cv-00531-CL

(Consolidated)

Plaintiffs,

**OPINION AND ORDER**

v.

UNITED STATES BUREAU OF
RECLAMATION, et al,

Defendants.

---

CLARKE, Magistrate Judge

This case comes before the Court on two motions to intervene (#21, 29), for the limited purpose of filing motions to dismiss, filed by the Hoopa Valley Tribe and the Klamath Tribes. For the reasons below, the motions to intervene are GRANTED. The Court will enter a separate scheduling order regarding the motions to dismiss.

**DISCUSSION**

**I.**   **Intervention as of Right**

Rule 24(a)(2) provides in relevant part that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24 is to be liberally construed in favor of the party seeking intervention, *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), because "'a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.'" *Wilderness Soc'y. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir.2011) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002)); *see also In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 985 (9th Cir.2008) ("the requirements for intervention are broadly interpreted in favor of intervention").

When analyzing a motion to intervene as of right under Rule 24(a)(2), this Court applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y*, 630 F.3d at 1177 (internal citations and quotations omitted). In applying this test, "courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### A. Timeliness

In assessing timeliness, the Court weighs three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986) (citing *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).

Here, intervenors filed their motion in a timely manner; one motion (#21) was filed shortly before the defendants filed their Answers (#26, 27) to the Amended Complaint, and one was filed shortly after (#29). Hence, intervenors' motions were made at an early stage in the proceedings, and the parties will suffer no prejudice, disruption, or delay from the grant of intervention. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (holding that a motion to intervene as of right was timely and would not cause prejudice, disruption, or delay in the proceedings when the applicants filed their motion less than three months after the complaint was filed and less than two weeks after the answer was filed); *see also Cal. Trout, Inc. v. U.S. Bureau of Reclamation*, 115 F. Supp. 3d 1102, 1118 (C.D. Cal. 2015) (finding the motion to intervene to be timely because "the court ha[d] not yet substantively engaged in the issues in the case").

### B. Significant Protectable Interest

An applicant seeking intervention has a "significant protectable interest" in an action if:

> (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims. The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant. The "interest" test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the "interest" test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.

*In re Estate of Ferdinand*, 536 F.3d at 984-85 (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)).

The Court is satisfied that both proposed intervenors have a significant protectable interest in this action. It is undisputed that the Klamath Tribes have federally protected treaty rights to water and fishing, giving them an interest in the water contained in Upper Klamath Lake and water released for instream purposes. The Hoopa Valley Tribe has an interest in the waters that flow from Upper Klamath Lake that passes through the Klamath Project facilities into the Klamath River downstream. Plaintiffs seek an injunction to stop Reclamation from releasing water for instream purposes or even holding and using water for purposes of compliance with the ESA or other non-Project related purposes.

## C. Disposition of the Action and Impairment of the Interest

If a proposed intervenor "'would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Berg*, 268 F.3d at 822 (quoting Fed.R.Civ.P. 24 Advisory Committee Notes). The court's analysis focuses on the "*future* effect pending litigation will have on" the intervenors' interests. *Palmer v. Nelson*, 160 F.R.D. 118, 122 (D. Neb. 1994) (emphasis in original). Notably, "the question of impairment is not separate from the existence of an interest," *Nat. Res. Def. Council, Inc., v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978), and "[g]enerally, after determining that the applicant has a protectable interest, courts have 'little difficulty concluding' that the disposition of the case may affect such interest." *Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012) (citing *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).

Here, having found that the proposed intervenors have a significantly protectable interest in the practical effects of the relief requested by the Plaintiffs, it naturally follows that granting

that relief would impair that interest. If the Plaintiffs prevail and the Court grants their requested relief, enjoining Reclamation from releasing water for instream purposes or holding and using water for purposes of compliance with the ESA, such a result will directly impact the water available to the proposed intervenors. Even if the restraints of the injunction do not go into effect right away, there is no guarantee that the Defendants will be able to ameliorate the conflict between the complex and varying water priorities in such a way that the Hoopa Valley Tribe and the Klamath Tribes are not impacted.

## D. Adequacy of Representation

The fourth prong of Rule 24, pertaining to the inadequacy of representation, is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (internal citations omitted); *see also Arakaki*, 324 F.3d at 1086.

Notwithstanding this generally permissive rule, a rebuttable presumption of adequate representation arises where an existing party and the applicant for intervention "share the same ultimate objective," *Citizens for Balanced Use*, 647 F.3d at 898, or where "the government is acting on behalf of a constituency that it represents." *Arakaki*, 324 F.3d at 1086 (internal citations omitted). Where a presumption of adequate representation arises, the applicant must make a "compelling showing" to the contrary. *Citizens for Balanced Use*, 647 F.3d at 898 (internal citations and quotations omitted).

In evaluating the adequacy of representation, the Court examines three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (citing *Arakaki*, 324 F.3d at 1086). In analyzing these factors, the adequacy or inadequacy of representation is judged by analysis of the existing parties, not by the qualifications of counsel retained by the parties. *Watt*, 713 F.2d at 529.

The Ninth Circuit has held the presumption of adequacy may be overcome where the intervenors have "more narrow, parochial interests" than the existing party, or where "the applicant asserts a personal interest that does not belong to the general public." *Forest Conservation Council*, 66 F.3d at 1499 (internal citations and quotations omitted).

As discussed above, intervenors adequately demonstrate a concrete interest in preserving the continued holding of a certain amount of water, as well as continued release of water for instream purposes from the UKL reservoir, managed by the defendants. While Reclamation has an interest in defending the legality of its actions, its interests differ in scope from intervenors' interests. Indeed, laws like the ESA and other environmental regulations require defendants to balance the impacts of proposed actions, such as holding water and delivering water for irrigation and farming purposes, with environmental impacts such as the conservation of wildlife, plant life, and species' habitats. *See, e.g.*, 42 U.S.C. § 4332(C); 16 U.S.C. § 695k-r; 16 U.S.C. § 668dd(a)(2), (4)(A). Proposed intervenors, by contrast, have a specific interest in ensuring that their federally reserved fishing and water rights are preserved to their full extent. This is not the same as the defendant's more general interest in following and enforcing regulations and defending agency actions.

The defendants will not "undoubtably make" all of the arguments that the intervenors would make, nor would they necessarily be willing to make them. This is clearly indicated by the fact that the defendants have not moved to dismiss this action under Rule 12(b)(7) and Rule 19, as

intervenors wish to do. Finally, the Court agrees that the defendants could, without the intervenors' presence, take litigation and settlement positions that fail to adequately reflect and protect the intervenors' specific interests.

"[I]ntervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests," only that there may be a divergence of interests. *Citizens for Balanced Use*, 647 F.3d at 900. As such, intervenors have overcome the presumption of adequacy and have sufficiently shown that their representation may be inadequate. The Court finds that the intervenors have met the test for intervention as a matter of right under Rule 24(a).

## ORDER

The Motions to Intervene (#21, 29) are hereby GRANTED. A scheduling order for briefing the motions to dismiss will follow.

IT IS SO ORDERED and DATED this 6 day of November, 2019.

MARK D. CLARKE
United States Magistrate Judge